UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
RONALD BRYSON,

                    Petitioner,

                    **OPINION & ORDER**
                    **CV-11-0749 (SJF)**

-against-

JOHN B. LEMKE [sic], Superintendent of
Five Points Correctional Facility,

                    Respondent.
------------------------------------------------------X
FEUERSTEIN, J.

      On June 23, 2006, a judgment of conviction was entered against petitioner Ronald Bryson ("petitioner") in the Supreme Court of the State of New York, Suffolk County (Mullen, J.) ("the trial court"), upon a jury verdict finding him guilty of one (1) count of murder in the second degree (N.Y. Penal Law § 125.25(3) (felony murder)), two (2) counts of burglary in the first degree (N.Y. Penal Law §§ 140.30(2) and (3)) and one (1) count of assault in the first degree (N.Y. Penal Law § 120.10(4)), and imposition of sentence. On February 8, 2011, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court are petitioner's motions: (1) to amend his petition to assert two (2) additional claims; and (2) to hold his petition in abeyance so that he can file a motion to vacate the judgment of conviction pursuant to Section 440.10 of the New York Criminal Procedure Law ("a 440.10 motion") in the trial court. For the reasons set forth herein, petitioner's motions are denied.

I.  BACKGROUND

On June 23, 2006, a judgment of conviction was entered against petitioner in the trial court upon a jury verdict finding him guilty of one (1) count of murder in the second degree (N.Y. Penal Law § 125.25(3) (felony murder)), two (2) counts of burglary in the first degree (N.Y. Penal Law § ) and one (1) count of assault in the first degree, and imposition of sentence.

Petitioner appealed his judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division") on the grounds, *inter alia*: (1) that the trial court, in response to a jury note indicating that the jurors were deadlocked on a verdict, deprived him (a) of his right to be present at all phases of his trial when it reconvened, heard argument and gave supplemental instructions to the jury in his absence and (b) of his right to due process when it refused to grant a mistrial and instead gave the jury a "coercive and unbalanced" Allen charge; (2) that he was denied the effective assistance of counsel when his trial counsel failed to object to the trial court reconvening and giving supplemental instructions to the jury in his absence; (3) that he was denied his rights to due process and to confront the witnesses against him by the admission into evidence of "bolstering" hearsay evidence and prior consistent statements of witnesses; (4) that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt since the accomplice testimony against him was insufficiently corroborated; and (5) that the sentence imposed was harsh and excessive.

By order dated October 20, 2009, the Appellate Division affirmed the judgment of conviction, finding, *inter alia*: (1) that petitioner's contentions that he was denied his rights to be present at all stages of the trial, to the effective assistance of counsel and to due process of law based upon the trial court's refusal to grant a mistrial were without merit; (2) that the trial court

2

properly admitted the prior consistent statements of petitioner's accomplice after defense counsel effectively challenged her testimony as a recent fabrication; (3) that the evidence was legally sufficient to establish petitioner's guilt beyond a reasonable doubt and independent evidence sufficiently corroborated the testimony of petitioner's accomplice; (4) that the sentence imposed was not excessive; and (5) that "notwithstanding [petitioner's] failure to preserve his objection to the court's [Allen] instruction to the jury for appellate review (see [N.Y.] C.P.L. 470.05(2)), the contention that the [Allen] instruction was coercive also is without merit." People v. Bryson, 66 A.D.3d 916, 917-18, 887 N.Y.S.2d 263 (2d Dept. 2009). On December 28, 2009, the Court of Appeals of the State of New York denied petitioner's application for leave to appeal to that court from the October 20, 2009 order of the Appellate Division. People v. Bryson, 13 N.Y.3d 905, 895 N.Y.S.2d 320, 922 N.E.2d 909 (2009). Thus, petitioner's judgment of conviction became final on March 28, 2010, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court. See Rule 13(1) of the Rules of the Supreme Court of the United States; 28 U.S.C. § 2101(d); Gonzalez v. Thaler, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012).

On February 8, 2011, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds: (1) that he was denied his right to be present at all material stages of his trial when, in his absence, the trial court reconvened, heard argument and gave supplemental instructions to the jury in response to the jurors' note that they were deadlocked on a verdict (Ground One); (2) that he was denied his right to due process when the trial court refused to grant a mistrial and gave a coercive and unbalanced Allen charge to the jury (Ground Two); (3) that he was denied his right to confrontation by the admission into evidence of "bolstering" hearsay statements and prior inconsistent statements of witnesses (Ground

3

Three); and (4) that the evidence was legally insufficient to find him guilty beyond a reasonable doubt since the accomplice testimony was insufficiently corroborated (Ground Four). Respondent filed his return on April 19, 2011.

In September 2011, almost five (5) months after respondent filed his return to the petition, petitioner sought leave to amend his petition to assert two (2) claims based upon the alleged ineffective assistance of his trial counsel for: (1) failing to object to the trial court reconvening, hearing argument and giving the jury supplemental instructions in petitioner's absence, and waiving petitioner's right to be present at a material stage of the trial and (2) failing to move to suppress petitioner's confession pursuant to Section 60.45(2) of the New York Criminal Procedure Law. In his "traverse" in reply to respondent's return, received by the Court on March 7, 2012, petitioner also raises an additional claim that the sentence imposed was harsh and excessive.

On July 18, 2012, this Court received a motion by petitioner seeking, *inter alia*, to hold his petition in abeyance so that he can file a 440.10 motion in the trial court. Petitioner does not indicate upon what basis he seeks to vacate his judgment of conviction in state court.


II.    DISCUSSION

   A.    Amendment to Petition

Rule 15(a) of the Federal Rules of Civil Procedure governs the standard for determining a motion to amend a habeas corpus petition that has not yet been decided on the merits. See Mayle v. Felix, 545 U.S. 644, 654-55, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005); Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001); see also 28 U.S.C. § 2242 (providing that a petition for a writ

of habeas corpus "may be amended * * * as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2254 Cases in the United States District Courts (Habeas Corpus Rules), Rule 11 (permitting application of the Federal Rules of Civil Procedure in habeas cases to the extent they are not inconsistent with any statutory provisions or the Habeas Corpus Rules); Fed. R. Civ. P. 81(a)(4) (stating that the civil rules are applicable to habeas corpus proceedings "to the extent that the practice * * * is not specified in a federal statute, [or] the [Habeas Corpus Rules] * * *."). Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> "(1) * * * A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading * * *. (2) * * * In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Notwithstanding the liberal amendment requirement of Rule 15(a), leave may be denied "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," Littlejohn, 271 F.3d at 363; see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), or where the proposed amendment would be futile. See Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).

1. Futility of Amendments

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one (1)-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

"from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Since petitioner filed his original habeas petition on February 8, 2011, the claims raised in his original petition are timely. However, the new claims petitioner seeks to assert in an amended petition are time-barred unless those claims relate back to the original petition under Rule 15(c)(1) of the Federal Rules of Civil Procedure or petitioner can show that the one (1)-year limitations period should be equitably tolled. See, e.g. Gibson v. Artus, 407 Fed. Appx. 517, 519 (2d Cir. Nov. 3, 2010), cert. denied, 131 S. Ct. 1483, 179 L. Ed. 2d 361 (2011) (holding that claims filed after the expiration of AEDPA's one (1)-year limitations period "are timely if they have a clear connection to the legal claims in the original petition, see Fed. R. Civ. P. 15(c) ('relation back' principle), or if petitioner can show that extraordinary circumstances warrant equitable tolling.")

    a.    Relation Back

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a]n amendment to a pleading relates back to the date of the original pleading when * * * the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out– in the original pleading." "[R]elation back depends on the

existence of a common 'core of operative facts' uniting the original and newly asserted claims," Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L.Ed.2d 582 (2005), and is unavailable merely because the proposed claims relate to the same trial, conviction, or sentence as the original petition. See Id. at 662-664.

In his original petition, petitioner did not raise claims that he was denied the effective assistance of trial counsel claim in violation of the Counsel Clause of the Sixth Amendment to the United States Constitution or that the sentence imposed was harsh and excessive in violation of the Eighth Amendment to the United States Constitution. Rather, the original petition asserts claims under: (1) the Confrontation Clause of the Sixth Amendment to the United States Constitution, i.e., that the trial court denied petitioner his right to be present at a material stage of the trial when it reconvened, heard argument, and gave supplemental instructions to the jury in his absence and allowed hearsay statements and prior inconsistent statements into evidence; and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution, i.e., that the evidence was legally insufficient and the trial court erred in denying his motion for a mistrial and giving a "coercive and balanced" Allen charge to the jury. Therefore, the claims asserted in the original petition did not provide respondent with fair notice of petitioner's new claims under the Counsel Clause of the Sixth Amendment or the Eighth Amendment. Accordingly, none of the proposed claims relate back to the original petition under Rule 15(c)(1)(B) and those claims are, thus, time-barred. Since the proposed claims are time-barred, any amendment to the original pleading would be futile.

        b.      Equitable Tolling

Nor was the AEDPA limitation period equitably tolled. Equitable tolling is available only in "rare and exceptional circumstance[s]," Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011), where the petitioner shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010); see also Rivas v. Fischer, — F.3d —, 2012 WL 2686117 (2d Cir. July 9, 2012). The extraordinary circumstance must have been beyond the petitioner's control and "caused him to miss the original filing deadline." Harper, 648 F.3d at 137.

Petitioner contends that he was unable to raise all of his claims, which had previously been raised on his direct appeal in state court, in the original petition because he had inadequate access to the law library while he was incarcerated in the special housing unit. However, petitioner does not indicate how long he had been incarcerated in the special housing unit, nor does he explain, *inter alia*, how he was able to timely file some of his claims and not others or why he could not assert all of the claims raised in the state courts in his original petition and then have sought leave to supplement or amend those claims if necessary. In short, the purported inadequate access to the law library did not cause petitioner to miss the original filing deadline. Accordingly, the doctrine of equitable tolling is unavailable to petitioner.

B.  Stay and Abeyance

In Rhines v. Weber, 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that a federal habeas court should only grant a "stay and abeyance" to a habeas petitioner seeking to exhaust a previously unexhausted claim in state court under limited

8

circumstances: (1) when the petitioner demonstrates "good cause for [his] failure to exhaust his claims * * * in state court" previously, 544 U.S. at 277, 125 S.Ct. 1528; (2) when the "unexhausted claims are potentially meritorious," Id. at 278, 125 S. Ct. 1528; and (3) when "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," id. "Under Rhines, it is the petitioner who has the burden of demonstrating 'good cause' for his failure to exhaust previously any unexhausted claims." Perkins v. LaValley, No. 11 Civ. 3855, 2012 WL 1948773, at * 1 (S.D.N.Y. May 30, 2012).

In his request to hold the petition in abeyance, petitioner states only that he wants to "stop[] the clock on [his] pending [habeas] matter" because he needs "the proper time to complete and file [his] 440.10 motion [in state court]* * * [and] the oppurtunity [sic] to perfect [his] case * * *." Petitioner has neither provided any explanation for his failure to file a 440.10 motion in the six (6) years since his judgment of conviction was entered in the trial court, nor any grounds upon which he will base a potential 440.10 motion in the trial court. Moreover, petitioner has not indicated that he has filed any 440.10 motion in the trial court to date, only that he intends to do so at some undisclosed time. Since petitioner has failed to establish any cause, let alone good cause, for his failure to exhaust any previously unexhausted claims in the state courts, or that there is potential merit to any of the claims he intends to assert in a 440.10 motion in the state court, his application to hold his petition in abeyance is denied.

III. CONCLUSION

For the reasons set forth above, petitioner's motions are denied in their entirety.

As petitioner has failed to make a substantial showing of a violation of a constitutional

right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008). Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

                              s/ Sandra J. Feuerstein

                              SANDRA J. FEUERSTEIN
                              United States District Judge

Dated: August 10, 2012
       Central Islip, New York